ARKANSAS STATE
DEPARTMENT OF HEALTH, et al *v.*
DRS. THIBAULT & COUNCIL, P.A., et al

83-235                                    664 S.W.2d 445

Supreme Court of Arkansas
Opinion delivered February 6, 1984
[Rehearing denied March 12, 1984.*]

*Wright, Lindsey & Jennings,* for appellant, Arkansas Association of Nurse Anesthetists, Inc.

*Steve Clark,* Atty. Gen., by: *George A. Harper,* Spec. Asst. Atty. Gen., for appellants, Arkansas State Board of Health; Arkansas Department of Health; Ben N. Saltzman, M.D.; Arkansas State Board of Nursing; and June Garner.

*Alsobrook & Moudy,* by: *Dan E. Moudy,* for appellee, Board of Governors of Saline Memorial Hospital.

*Gibson, Ellis & Arnold,* for appellees, Drs. Thibault and Council, P.A.

GEORGE ROSE SMITH, Justice. In this declaratory judgment action brought by the two appellees — a professional association of three obstetricians and a county hospital — the question is whether the doctors and the hospital can lawfully continue to allow registered nurses, not specially qualified in the field of anesthesiology, to administer "epidural anesthetics" to obstetrical patients at the hospital. The appellants are the State Department of Health and other interested state agencies. After an extended hearing the trial judge entered a declaratory judgment allowing the challenged practice to continue. Our juris-

*ADKISSON, C.J., would grant rehearing.

diction is under Rule 29 (1) (c).

Epidural anesthetics are used to deaden the pain otherwise experienced by maternity patients during the hours of labor preceding the birth of the child. At this county hospital the initial injection into the epidural area next to the patient's spine is invariably made by the obstetrical physician, who remains a few minutes to be sure that the injection was in precisely the right place and has taken effect. After that, the doctor instructs an attending nurse to reinject the anesthetic as needed, in specified amounts and at specified intervals such as every 40 minutes. The doctor then goes to his office or home, but he is available within a few minutes if any complication occurs.

The Nurse Practice Act contemplates that special training is needed for a registered nurse to administer anesthetics. In fact, one of the appellants is the Arkansas Association of Nurse Anesthetists. The following language in the statute is so specific that we hold it to be controlling:

> Any nurse registered under the provisions of this Act who holds a diploma or certificate evidencing his or her successful completion of the educational program of a school of anesthesia duly accredited . . . and holds a current certificate of certification . . . may give or administer anesthetics in this State in the presence of a licensed physician or dentist.

Ark. Stat. Ann. § 72-746 (Repl. 1979).

The appellees' testimony in defense of their practice was that although there is a possibility that serious complications requiring a physician's presence may arise, it is nevertheless safe for reinjections to be made by registered nurses having no special training, with a physician always being only a few minutes away from the hospital. Their testimony was that for an obstetrician to be with the patient all during the anesthesia would be impractical, and for the hospital to maintain enough qualified nurses to make the reinjections would be prohibitively expensive. An expert in the field — a medical school professor who had been called

in to evaluate the hospital's procedure — wrote, in a letter approving the procedure, that the three obstetricians in question, all of whom he had taught, were energetic and competent, and further: "I would not make this recommendation for every hospital employing nurses to reinject epidural catheters, but at this hospital, a personal inspection has convinced me that this practice is safe in their hands." The statute, however, is specific in providing that a nurse who administers anesthetics must be qualified and may do so only in the presence of a physician. Both provisions are being disregarded at the Saline Memorial Hospital.

The trial judge rested his conclusion on two findings, neither of which can be sustained. First, he held that the words "anesthesia" and "medicine" are ambiguous, with the implication that the nurses at the hospital are merely administering medicine. Anesthesia, however, is the deadening of pain, the very purpose of the challenged procedure, but medicine is given to cure disease, a purpose foreign to that procedure. Indeed, the medical witnesses referred to the injections as epidural anesthetics. Second, the trial judge noted that the Nurse Practice Act contains penalties for various violations of its provisions. He concluded that the statute should be strictly construed, so that its language specifying that a qualified nurse "may" administer anesthetics is merely permissive. The trial judge therefore decided that any registered nurse may also act as an anesthetist. If so, then that service may also be performed by a hospital orderly, or even by a lay bystander. We can find no reasonable basis for upholding the trial court's interpretation of the statute.

Reversed.